UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYVON L. BOATMAN,

    Plaintiff,

v.                                  Case No: 2:16-cv-209-FtM-99CM

ANGELA BERRETO, Dentist Assistant - Nurse, GEORGE F. NARYSHKIN, Dentist, J. LAMOUR, Medical Director at FCCC, GERALD T. DAVID, D.D.S., GEO GROUP, INC., JORGE DOMINICIS, Corporate Director Mental Health, CORRECT CARE RECOVERY SOLUTIONS, DEPARTMENT OF CHILDREN AND FAMILY SERVICES, M. JOHNSON, and JANE DOE MORRIS,

    Defendants.

---

**<u>ORDER</u>**

This matter comes before the Court on Defendants' Correct Care Solutions', Angelo Berreto's, and Jacques Lamour's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #75) filed on February 2, 2018. Plaintiff filed a response in opposition and motion to strike (Doc. #71) on June 11, 2018. The Motion is fully briefed and ripe for the Court's review.

I.   BACKGROUND

Plaintiff is a civil detainee at the Florida Civil Commitment Center (FCCC) in Arcadia, Florida.[1] Plaintiff initiated this complaint on March 16, 2016, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff filed a first amended complaint on November 16, 2016,(Doc. #27), however; that complaint was incomplete and was stricken by the Court. Plaintiff filed his second amended complaint (Doc. #35) on September 28, 2017.

Plaintiff's second amended complaint is not a model of clarity and appears to be an amalgam of various complaints he has made against the FCCC and staff in the past. From what the Court can ascertain from the pleading, Plaintiff is alleging Defendants: were deliberately indifferent to his dental care; retaliated against him for filing grievances; provided a general lack of mental health; failed to create a review board to hear complaints;

---

[1] The Florida legislature enacted the Sexually Violent Predators Act, Florida Statute §§ 394.910-.913, by which a person determined to be a sexually violent predator is required to be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Fla. Stat. § 394.917(2). The Act was promulgated for the dual purposes "of providing mental health treatment to sexually violent predators and protecting the public from these individuals." Westerheide v. State, 831 So. 2d 93, 112 (Fla. 2002); Kansas v. Hendricks, 521 U.S. 346 (1997) (holding that the Kansas Sexually Violent Predator Act did not establish criminal proceedings, and involuntary confinement pursuant to the Act was not punitive).

and denied him due process during a hearing over Plaintiff being removed from his food services job at the FCCC.

The thrust of Plaintiff's second amended complaint appears to be deliberate indifference concerning the loss of a dental filing on October 20, 2014, and issues thereafter. Plaintiff's time line is a confused jumble making allegations about lack of treatment for his oral pain while at the FCCC going back as far as 2010 and up through 2017, without naming the individuals who failed to treat him during that time frame, with the exception of the staff that treated his broken and abscessed tooth after October 20, 2014. Plaintiff states that he put Defendants on notice that he had bleeding gums and pain as far back as January 3, 2011. (Doc. #35 at 29). However, Plaintiff says the issue started on August 26, 2013, when Plaintiff reported that he was having oral pain. Plaintiff said his condition got worse and his pain increased but Defendants would not provide him with treatment other than giving him Ibuprofin for his infection and pain. Id. at 17.

On October 24, 2014, Plaintiff filled out a dental health request slip regarding a dental filing that fell out while he was eating. Id. at 18. Plaintiff was scheduled for a dental appointment on October 27, 2014. Id. Plaintiff avers that even though he was being seen by a dentist in October 2014, Defendants had demonstrated deliberate neglect over his oral pain for months and even years prior to this appointment. Plaintiff alleges

Defendants treated him roughly because they knew he could not file grievances as he was on grievance restrictions.

The treating dentist pulled the Plaintiff's infected tooth however, his gums and jaw continued to be swollen, sensitive, and painful.  Plaintiff was informed that another tooth, adjacent to the infected tooth, would have to be extracted because the abscess had spread into the gum line.  Plaintiff states he was given another appointment time, however, Plaintiff was five minutes late and Defendants refused to treat him.

On November 4, 2014, Plaintiff filled out an emergency dental request form.  On November 5, 2014, Plaintiff's tooth was x-rayed and he was examined by Nurse Naryshkin.  Plaintiff says he was then treated harshly by Defendants in retaliation for his filing the emergency dental request.  Plaintiff says he was held down in the dental chair by Defendants in an unwelcome, unusual, and with unnecessary physical force as punishment for having filed the emergency dental form.  Plaintiff avers Defendants were hostile and malicious because he had forced them to see him.  Plaintiff was finally released from the dental chair after about thirty minutes. Id. at 25.  Plaintiff says even though he was given pain medicine, he was still in pain.  Id. at 13, 24.

On November 6, 2014, Defendants filed a disciplinary report against Plaintiff because he filed the dental emergency.  Id. at 25.  Plaintiff says the disciplinary report was written in

retaliation for his seeking medical help.  Plaintiff says that he was denied preventative care and adequate treatment for his gum pain months and even years from 2013 through 2017. Id. at 26.

Plaintiff says that Defendant GEO failed to have a policy that investigated complaints and failed to direct his complaints to the people he complained about so that they could provide him with a direct answer.  Plaintiff says GEO acted outside of its duties and failed to protect him from staff abuse. Plaintiff now brings the instant case alleging Defendants were deliberately indifferent to his oral health care needs and retaliated against him for seeking emergency dental care.

## II.  STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in Plaintiff=s Complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662 (2009) (discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, fn. 2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 662. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Twombly, 550 U.S. at 544. Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. Because Plaintiff is proceeding pro se, his pleadings are held to a less stringent

standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

### III. DISCUSSION

Defendants argue that Plaintiff fails to state a claim because his complaint is just a disagreement over medical treatment and not deliberate indifference.[2] They further claim that Plaintiff does not make a claim against GEO because he fails to state a custom, practice, or policy that GEO refuses to provide dental care to detainees at the FCCC.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, a plaintiff must allege and establish an affirmative causal connection between the

---

[2] Defendants argue that Plaintiff failed to administratively exhaust his claims in their motion to dismiss, however, on May 18, 2018, Defendants withdrew that argument. (Doc. #72).

defendant=s conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001); Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

Ordinarily an inmate's claim concerning his medical treatment invokes the protections of the Eighth Amendment. Thomas v. Bryant, 614 F.3d 1288, 1303 (11th Cir. 2010)(citations omitted). However, because Plaintiff is a civil detainee, and not a prisoner, the less onerous "professional judgment" standard set forth in Youngberg v. Romero, 457 U.S. 307, 322-323 (1982), applies to his case. See Hood v. Dep't of Children & Families, 700 F. App'x 988, 989 n.1 (11th Cir. 2017) (noting that the Eighth Amendment deliberate indifference standard does not apply when the Plaintiff is a civil detainee. Rather, the professional judgment standard set forth by the Supreme Court in Youngberg v. Romero, should be applied).

In Youngberg, the Supreme Court held that the "professional judgment" standard was the appropriate test for determining whether a substantive due process right has been violated in the context of those of who have been involuntary committed. 457 U.S. at 322–323. Under that standard, "the Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify

- 8 -

which of several professionally acceptable choices should have been made." *Id*. at 321 (internal quotations and citations omitted). The standard acknowledges "that courts must show deference to the judgment exercised by a qualified professional," id. at 322, and that "i[f] or these reasons, the decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 323 (footnotes omitted). A "qualified professional" is defined as s "a person competent, whether by education, training or experience, to make the particular decision at issue." Id. at 323 n. 30.

Accepting Plaintiff's allegations as true and giving him the benefit of all legitimate inferences as required at the motion to dismiss stage of review, the Court finds the second amended complaint fails to make a claim for medical deliberate indifference. Plaintiff's second amended complaint contains facts unrelated to this concerning his removal from the assigned food service resident work program. The second amended complaint also refers to incidents that occurred from 2010 all the way through 2017, however, the allegations that Defendants harmed him during the time span but never addresses specifically who it was that

caused the harm. Plaintiff simply makes general allegations that no one would treat him for gum pain.

Nevertheless, Plaintiff's second amended complaint could plausibly state a medical deliberate indifference claim regarding his infected gums and the broken filing from October 20, 2014. As such, Plaintiff will be given the opportunity to file a third amended complaint. If Plaintiff chooses to do so, the amended complaint should only allege facts supporting the medical indifference claim stemming from his broken filing on October 20, 2014. Plaintiff should note that mere disagreement with Defendants' treatment or medical judgment regarding proper procedure to follow with his dental care is not sufficient to state a claim for deliberate indifference.

Further, Plaintiff's amended complaint must comply with Fed R. Civ. P. 8. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to give notice to the other party and not to formulate issues or fully summarize the facts involved. Clausen & Sons, Inc. v. Theo. Hamm Brewing Co., 395 F.2d 388, 390 (8th Cir. 1968). As currently drafted, Plaintiff's amended complaint does not comply with Rule 8.

Plaintiff is also reminded that pursuant to Federal Rule of Civil Procedure 10, the allegations should be set forth in separate

numbered paragraphs, "each limited as far as practicable to a single set of circumstances" Fed. R. Civ. P. 10(b). Further, each claim "founded on a separate transaction or occurrence" must be stated in a separate "Count." Gnipp v. Bank of Am. N.A., No. 2:15-CV-99-FTM-29CM, 2016 WL 502013, at *3 (M.D. Fla. Feb. 8, 2016). Plaintiff must also only name those individuals that were actually deliberately indifferent to his medical needs. Plaintiff may not simply say from 2010 through 2017 individuals at the FCCC were deliberately indifferent to my medical needs. The Court will not speculate as to the nature of each specific defendant's allegedly unconstitutional conduct so-as-to cobble together a viable complaint on Plaintiff's behalf. The Supreme Court explains:

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Twombly, 550 U.S. at 545 (internal citations and quotations omitted).

There are also claims in the second amended complaint that are unrelated to each other. Unrelated claims against different defendants belong in different suits. If claims are not related to the same basic issue or incident, then each must be raised in a separate suit to prevent confusion and to ensure that Plaintiff

pays the required filing fees. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that [plaintiffs] pay the required filing fees[.]").

Accordingly, it is hereby

**ORDERED:**

Defendants' Correct Care Solutions, Angelo Berreto, and Jacques Lamour's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #64) is **GRANTED.**

(1) Plaintiff's Second Amended Complaint is **DISMISSED without prejudice** with leave to amend.

(2) Plaintiff has **twenty-one days** from the date of this Order to file a third amended complaint.

(3) Failure to comply with this order will result in the case being dismissed without further notice.

**DONE and ORDERED** at Fort Myers, Florida, this __14th__ day of September, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record