UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYVON L. BOATMAN,

    Plaintiff,

v.                          Case No: 2:16-cv-209-FtM-99UAM

ANGELA BERRETO, Dental Nurse, GEORGE F. NARYSHKIN, Dentist, J. LAMOUR, Facility Medical Director (M.D.), GERALD T. DAVID, D.D.S., GEO GROUP, INC., JORGE DOMINICIS, Corporate Director Mental Health, CORRECT CARE RECOVERY SOLUTIONS, and DEPARTMENT OF CHILDREN AND FAMILY SERVICES,

    Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on Defendants Angela Berrato, Dr. Jacques Lamour, and Correct Care Recovery Solutions, LLC's Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. #85) filed on January 23, 2019. In response, Plaintiff Rayvon Boatman moves the Court to allow the filing of a fourth amended complaint (Doc. #89), filed on February 21, 2019.

**I.**

Boatman is a civil detainee at the Florida Civil Commitment Center (FCCC) in Arcadia, Florida.[1] Boatman initiated this complaint on March 16, 2016, by filing a civil rights complaint under 42 U.S.C. § 1983. Boatman filed a first amended complaint on November 16, 2016, (Doc. #27), however; that complaint was incomplete and was stricken by the Court. Boatman filed his second amended complaint (Doc. #35) on September 28, 2017. The Court dismissed Boatman's second amended complaint and gave him leave to file a third amended complaint. Boatman was instructed to the extent possible that he should limit his third amended complaint to facts supporting the medical indifference claim stemming from his broken filling from October 5, 2014.

Boatman's Third Amended Complaint is not a model of clarity and his facts and timeline are unclear. Boatman says he was left to suffer in pain for over ten years. However, based on what the

---

[1] The Florida legislature enacted the Sexually Violent Predators Act, Florida Statute §§ 394.910-.913, by which a person determined to be a sexually violent predator is required to be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Fla. Stat. § 394.917(2). The Act was promulgated for the dual purposes "of providing mental health treatment to sexually violent predators and protecting the public from these individuals." Westerheide v. State, 831 So. 2d 93, 112 (Fla. 2002); Kansas v. Hendricks, 521 U.S. 346 (1997) (holding that the Kansas Sexually Violent Predator Act did not establish criminal proceedings, and involuntary confinement pursuant to the Act was not punitive).

Court can gather from his Third Amended Complaint, Boatman lost a filling on October 5, 2014. Boatman had pain in the tooth and gum where the filling fell out and by October 24, 2014, Plaintiff's jaw and gum around the tooth were swollen and causing him pain. Boatman went to medical where he was examined by a nurse.

Boatman was scheduled for a dental appointment on October 31, 2014, but he was late for the appointment and was not treated on that day. Boatman went on another day, but the dental area was closed. Boatman does not say if he had an appointment that day. Plaintiff's tooth was extracted, but Boatman provides no time frame for the treatment.

Boatman says that Defendants told him he had a good tooth that would last him for ten years, but the tooth turned out to be bad. Boatman says that because of Defendants' deliberate indifference a good tooth also had to be removed after the bad tooth was extracted because the abscess had infected the area over the good tooth. Boatman states that his treatment was delayed by Lamour, Barreto, Naryshkin, GEO, CCRS, the FCCC, and GEO without stating what role each played in the denial of his treatment or how they as individuals denied him medical treatment.

**II.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations,

documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662 (2009) (discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, n.2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 662. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Twombly, 550 U.S. at 544. And there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. Because Boatman is proceeding pro se, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

### III.

Defendants argue that Boatman fails to state a claim for which relief can be obtained. Defendants contend that Boatman violates Federal Rules of Civil Procedure 8 and 10, and that Boatman's allegations are nothing more than a difference of opinion on treatment.

The Court finds that Boatman's allegations violate Fed. R. Civ. P. 8 and 10. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of

the claim showing that the pleader is entitled to relief" Fed. R. Civ. P. 8(a)(2). Under Fed. R. Civ. P. 10, the allegations should be set forth in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances" Fed. R. Civ. P. 10(b). Further, each claim "founded on a separate transaction or occurrence" must be stated in a separate "Count." Gnipp v. Bank of Am. N.A., No. 2:15-CV-99-FTM-29CM, 2016 WL 502013, at *3 (M.D. Fla. Feb. 8, 2016).

As drafted, Plaintiff's amended complaint does not comply with Rules 8 and 10. Boatman states he was denied treatment by the Defendants, but he does not say when such treatment was denied, or who specifically denied the treatment, or how they refused same. Boatman only points out one occasion on October 31, 2014, where he was denied treatment. However, Boatman admits that he was late to his October 31, 2014 appointment. (Doc. #83 at ¶ 37). Therefore, the denial of treatment was not due to Defendants Lamour and Naryshkin's deliberate indifference, but to Boatman's own failure to arrive to his appointment on time. Otherwise Boatman makes no specific claim against the Defendants individually, nor states how each Defendant was deliberately indifferent to his dental needs. Instead, Boatman makes conclusory allegations that Defendants refused to treat him. He states he continually complained to all the Defendants about his tooth pain from 2014-

2015, but he never states in separate individual counts how each Defendant caused him harm. (Doc. #83 at 6). Boatman merely makes a conclusory allegation he was denied treatment.

The Court will not speculate on the nature of each Defendants alleged unconstitutional conduct. The Supreme Court explains:

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Twombly, 550 U.S. at 545 (internal citations and quotations omitted).

After being cautioned by the Court to include only facts related to his medical indifference claim, Boatman includes claims about the FCCC's grievance procedures. Boatman argues that he was prohibited from filing grievances against members of the FCCC staff and that Defendants reacted negatively to his filing grievances. Boatman says Defendants accused him of submitting false emergency dental claims and placed notices in his file as punishment. As such failed to comply with the Court's Order and his Third Amended Complaint is due to be dismissed.

Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir.2001). The district court,

however, need not "allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005).

Boatman has been given three opportunities to amend and cure his deficiencies, but has failed to cure the deficiencies and set forth a viable complaint. Boatman moved the Court for leave to amend, however, he did not attach a proposed amended complaint or provide the Court with the substance of his proposed amended complaint. The Eleventh Circuit has held that "in order to properly request leave to amend, a motion must 'set forth the substance of the proposed amendment or attach a copy of the proposed amendment.'" Sure Fill & Seal, Inc. v. GFF, Inc., 2009 WL 1751726 * 2 (M.D. Fla. June 17,2009) (quoting Doe v. Pryor, 344 F.3d 1282, 1288 (11th Cir.2003). Further, to allow Boatman to amend his complaint for a fourth time would cause undue prejudice to the Defendants. Therefore, the motion for leave to amend is denied.

Accordingly, it is hereby

**ORDERED:**

(1) Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. #85) is **GRANTED.** The Plaintiff's Amended Complaint is hereby **DISMISSED without prejudice**.

(2) Plaintiff Rayvon Boatman's Motion for Leave to Amend is **DENIED**.

(3) The Clerk of Court will enter judgment, accordingly, terminate any pending motions and deadlines, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___19th___ day of March 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record
SA: FTMP-2